# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

LLOYD T. SCHUENKE and DONNA M. AIELLO,

           Petitioners,

v.

WISCONSIN DEPARTMENT OF CORRECTIONS, KEVIN CARR, THORESON NIEL, PETER J. MARIK, SARAH WATSON, JENNIFER KOSTRZEWA, and SANDI PIEMER,

           Respondents.

Case No. 20-CV-186-JPS

**ORDER**

        Petitioners, proceeding *pro se*, have filed a pleading which purports to be both a civil complaint for damages pursuant to 42 U.S.C. § 1983, and a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket #1). There are innumerable problems with the pleading, but the first and most obvious issue is that a claim for damages cannot be brought alongside a request for habeas relief. Each form of action has "different conditions, different defendants (or respondents), and different consequences on either success or an adverse outcome." *Lacy v. Indiana*, 564 F. App'x 844, 845 (7th Cir. 2014). For habeas actions specifically, petitioners must also be concerned with filing multiple actions challenging the same criminal judgment. *See* 28 U.S.C. § 2244. The Court must, therefore, dismiss this action without prejudice. Petitioners are free to file new pleadings that are each limited to one form of action.

        The Court will also deny as moot Petitioners' motions for leave to proceed without prepayment of the filing fee and will absolve them of the

need to pay a filing fee in this case. Petitioners should be aware, nevertheless, that they will be obligated to pay the filing fees for any new actions they submit to the Court. Further, the Court notes that it would have likely denied Petitioners' motions for leave to proceed without prepayment of the filing fee had those motions been addressed on their merits. Both motions contain bare-bones recitations of Petitioners' finances and lack adequate explanation of Petitioners' overall financial circumstances.[1] If Petitioners file additional such motions with new lawsuits, they should take greater care to fill out the form motions as completely and truthfully as possible.

Accordingly,

**IT IS ORDERED** that Petitioners' motions for leave to proceed without prepayment of the filing fee (Docket #2 and #3) be and the same are hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED without prejudice**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 18th day of February, 2020.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

---

[1] For instance, Petitioner Donna M. Aiello states that she has some additional expenses beyond those listed in the motion, but fails to actually state what those expenses are. (Docket #3 at 3). Petitioner Lloyd T. Schuenke claims to have absolutely no income or expenses of any kind, which seems unbelievable, and he does not explain how this could be true in the "other circumstances" portion of the motion. (Docket #2 at 2–4).